# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MARIA BEJAR, | : | MOTION TO VACATE |
| BOP No. 61352-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:11-CV-633-CAP-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:09-CR-454-CAP-ECS |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Maria Bejar's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. No. 172], the government's response [Doc. No. 179], and Bejar's reply [Doc. No. 186]. For the following reasons, the undersigned recommends that Bejar's § 2255 motion be dismissed and that no certificate of appealability be issued.

In 2009, Bejar and others were indicted for serious drug, money laundering, and firearms crimes. See [Doc. Nos. 1, 38]. In 2010, Bejar entered into a thirteen-page negotiated plea agreement. See [Doc. No. 138-1]. One of the terms of that plea agreement was a limited waiver of appeal. That waiver provided:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the

>    sentencing guideline range calculated by the district
>    court. The Defendant understands that this Plea
>    Agreement does not limit the Government's right to
>    appeal, but if the Government initiates a direct
>    appeal of the sentence imposed, the Defendant may file
>    a cross-appeal of that same sentence.

[Id. at 11]. Bejar also signed a separate acknowledgment that she had "discussed with [her] attorney the rights [she] may have to appeal or challenge [her] conviction or sentence, and [she understood] that the appeal waiver contained in the Plea Agreement [would] prevent [her], with the narrow exceptions stated, from appealing [her] conviction and sentence in any post-conviction proceeding." [Id. at 13].

At her guilty plea hearing, Bejar was specifically questioned about the waiver of appeal (including the collateral attack waiver), and she specifically stated that he understood and agreed to it. See [Doc. 176 at 8-9, 17]. Bejar acknowledged that the plea agreement had been read to her in Spanish, as well as presented in writing in English. [Id. at 9]. And Bejar stated that she understood that any recommendation to reduce her sentence pursuant to U.S.S.G. §5K1.1 would be strictly within the government's discretion, placing her "totally at the mercy of the government in that regard." [Id. at 20].

Bejar did not take a direct appeal, but instead filed the § 2255 motion now pending before the Court shortly before the

2

anniversary date of her sentencing. In her § 2255 motion, Bejar contends that she is entitled to have her sentence vacated because: (1) "the Court erred in it[]s calculation of the Guidelines"; (2) "the Court erred in not acting with caution as to certain factors that would have made a difference in the outcome of this case"; and (3) "ineffective assistance of counsel whether or not I received credit for a 5K1.1 that I was entitled to." [Doc. No. 172 at 4]. Bejar does not argue, however, that her entry into the plea agreement was unknowing or involuntary, and she expressly states that she "is not contesting her plea, but rather asking this Court to review it[]s calculation." [Id. at 9].

In the Eleventh Circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues - indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). Such waivers are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the

3

full significance of that waiver." Bushert, 997 F.2d at 1351. Those requirements are more than met in this case. Bejar's waiver of her right to appeal or collaterally attack her sentence is enforceable and should be enforced.

The undersigned therefore **RECOMMENDS** that Bejar's § 2255 motion be **DISMISSED** pursuant to the appeal/collateral attack waiver in her plea agreement.

It is not necessary, therefore, to address any of the three grounds for relief asserted in Bejar's § 2255 motion on the merits. Nevertheless, for Bejar's benefit and because it appears that she may have prepared her § 2255 motion without reviewing the sentencing transcript, see, e.g., [Doc. No. 186 at 2 ("Defendant is confused as to defendant's base offense level.")], the undersigned notes the following.

The Presentence Investigation Report ("PSR") presented at Bejar's sentencing stated that her offense level was 39, her criminal history category was I, and her "custody guideline range [was] 262 to 327 months." See [Sealed Document at 18]. Bejar's counsel objected to the application of a firearm-related adjustment under U.S.S.G. §2D1.1(b)(1), the calculation of the drug quantity for which Bejar was being held responsible under U.S.S.G. §2D1.1(c), and Bejar's eligibility for the "safety-valve" under U.S.S.G. §§2D1.1(b)(11) & 5C1.2. [Id. at 19]. After hearing

4

argument from the parties, the Court computed Bejar's offense level and sentenced her as follows:

Granting Bejar's objection as to drug quantity, the Court found that Bejar's base offense level should be 36, not 39. See [Doc. No. 177 at 10]. The Court denied Bejar's objection with respect to the U.S.S.G. §2D1.1(b) two-level enhancement for constructively possessing a firearm, see [id. at 8, 10], but granted her a two-level reduction under the U.S.S.G. §2D1.1(b)(11) "safety-valve" because she did not actually possess the firearm, see [id. at 11]. At that point, Bejar's offense level remained at 36. Because Bejar pled guilty to and was convicted of a count under 18 U.S.C. § 1956, the Court applied a two-level enhancement per U.S.S.G. §2S1.1(b)(2)(B), raising her offense level to 38. [Id. at 12]. The government recommended that Bejar receive a three-level reduction for acceptance of responsibility, which the Court granted, making her offense level 35. [Id.]. At that point, Bejar's custody guideline range was 168 to 210 months. [Id.]. The government then sought a downward departure pursuant to U.S.S.G. §5K1.1 for substantial assistance and specifically recommended a one-level departure that would make her offense level 34 and her custody guideline range 151 to 188 months. [Id. at 13]. After Bejar's attorney argued for a further downward departure, [id. at 14-18], the government ultimately recommended a 151-month term of

5

imprisonment for Bejar, [id. at 19]. The Court noted that it had "had in mind giving the defendant 20 years in confinement" at the outset of the hearing, but would, in light of the presentations by both Bejar's counsel and the government, instead order that she be sentenced to concurrent 151-month terms on imprisonment on each of the two counts to which she had pled guilty. [Id.].[1]

It is thus plain from the sentencing hearing transcript that all three grounds for relief that Bejar raises in her § 2255 motion are without foundation. First, there was no "miscalculation" of Bejar's sentence. See [Doc. No. 172 at 4, 8]. Second, there were no "factors that were not considered and [were] overlooked that would of made a difference in the outcome of this case." [Id. at 7]. Third, Bejar actually received the benefit of a U.S.S.G. §5K1.1 motion for substantial assistance. [Id. at 4].[2] Thus, even if Bejar's § 2255 motion was not already subject to dismissal because of her collateral attack waiver, it would have to be denied on the merits.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse

---

[1] Thus, Bejar's sentence was 89 months shorter than the sentence the Court had considered imposing.

[2] In any event, as Bejar herself had acknowledged at her plea hearing, she was never "entitled" to a §5K1.1 motion, which could be brought or withheld in the government's sole discretion. See [Doc. No. 176 at 20].

6

to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)). Bejar has not demonstrated that she is entitled to federal habeas relief, that enforcement of the appeal/collateral

7

attack waiver is incorrect, or that both issues are reasonably debatable. The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 25th day of September, 2012.

<u>s/ E. Clayton Scofield III</u>
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)