IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARIA BEJAR, | : | MOTION TO VACATE |
| BOP ID 61352-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-2969-CAP-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:09-CR-454-3-CAP-CMS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Maria Bejar's *pro se* "Motion Pursuant to 28 U.S.C. § 2255 to Vacate Set Aside Sentence in Light of Retroactive Effect of Clarifying Amendment (794)." *See* [254]. For the following reasons, the undersigned **RECOMMENDS** that Ms. Bejar's § 2255 motion be **DISMISSED** and that no Certificate of Appealability be issued.

Ms. Bejar seeks resentencing in light of recently adopted Amendment 794 to the United States Sentencing Guidelines. *See* [254] at *passim*. It is her contention that she "is deserving of a reduction of sentence for her minimal participation" and should now receive a "(2) level minor role reduction." [254] at 3 & 5.

This is not a claim appropriately brought pursuant to § 2255. Simply put: "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 2836 (2015). Consequently, this Court lacks the authority to review a claim brought in a § 2255 motion "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "A misapplication of advisory sentencing guidelines" falls short of this standard because it "does not violate an 'ancient' right, nor does it raise constitutional concerns." *Spencer*, 773 F.3d at 1140. Rather, "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review [only] when [s]he can prove that [s]he is either actually innocent of [her] crime or that a prior conviction used to enhance [her] sentence has been vacated." *Id.* at 1139. Because Ms. Bejar alleges neither of these things, her sentencing error claim cannot be brought under § 2255.

Thus, it is "plainly apparent from the motion . . . that the moving party is not entitled to relief [under § 2255]" and this Court "*must* dismiss the motion." 28 U.S.C. foll. § 2255, Rule 4(b) (emphasis added).[1]

Because Ms. Bejar has not identified any reasonably debatable ground for relief, she does not meet the requisite standard for issuance of a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer*, 773 F.3d at 1138 (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

To the extent that Ms. Bejar wishes to seek a sentence reduction in light of Amendment 794, she should file a motion pursuant to 18 U.S.C. § 3582(c)(2) and explain why she is entitled to relief under that provision of federal law, something she has *not* done in her § 2255 motion.

---

[1] Even if Ms. Bejar could bring her sentencing error claim pursuant to § 2255, the undersigned would still recommend dismissal. For the reasons explained at length earlier to Ms. Bejar, the collateral attack waiver in her plea agreement is enforceable and generally precludes her from pursuing relief under § 2255. *See* [204] at 1-4, *approved and adopted in* [206] at 1.

Ms. Bejar should be aware, however, that § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). "Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Id.* Consequently, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 25th day of August, 2016.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE